```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANTONIO CURTIS                   :   CIVIL ACTION
                                 :
       v.                        :
                                 :
SCHOOL DISTRICT OF PHILADELPHIA  :   NO. 05-04935-JF
```

```
DOLLIE CURTIS p/n/g of           :
ANTONIO CURTIS, a minor          :
       v.                        :
                                 :
MICHAEL MULLAN                   :
```

MEMORANDUM AND ORDER

Fullam, Sr. J.                                      November 1, 2005

      Counsel in this case have managed to generate a great deal of procedural confusion. The litigation stems from an altercation between plaintiff Antonio Curtis, then a ninth-grade high school student, and a teacher, the defendant Michael Mullan, in February 2003. Mr. Curtis, through his parent and natural guardian, sued Mr. Mullan in the Court of Common Pleas of Philadelphia County, alleging only state-law claims (assault and battery, negligence, etc.).

      Some months later, in August 2005, Mr. Curtis, who had attained his majority in the interim, brought a second action in the Court of Common Pleas of Philadelphia County, against the School District of Philadelphia. The complaint in that action contains but a single count, entitled "Claim for Negligence," but paragraph 6 of Count I includes the following averments:

"6.  The aforesaid accident was caused solely by the negligent, willful and wanton actions of the defendant in one or more of the following ways:
...

(h) Establishing policies that were violative and unconstitutional on the United States Constitution, particularly the Fourth and Fourteenth Amendment."

After the second complaint was served, counsel for the City, who represented Mr. Mullan as well as the City of Philadelphia, joined with counsel for plaintiff in both actions in filing a motion to have the two cases consolidated. On September 7, 2005, the Common Pleas Court entered a stipulated order consolidating the two cases "for the purposes of discovery and arbitration hearing only, with an arbitration date of March 30, 2006, at 9:30 a.m., in conformity with Philadelphia Civ. R. 1303(e).

On September 15, 2005, the defendants removed the consolidated cases to this court, on the theory that plaintiff was asserting a claim arising under the United States Constitution.  Plaintiff has filed a motion for remand, opposed by the defendants.

I conclude that the case should be remanded to the Court of Common Pleas, for several reasons.  In the first place, it is not clear that any of plaintiff's claims arise under the United States Constitution. Plaintiff seems to be accusing the School District of negligence only, and it is not clear that "right to relief under state law requires resolution of a

2

substantial question of federal law in dispute between the parties." <u>Franchise Tax Bd. v. Construction Laborers Vacation Trust</u>, 463 U.S. 13, 103 S. Ct. 2846.  The "mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction."  <u>Merrell Dow Pharmaceuticals Inc. v. Thompson</u>, 478 U.S. 804, 813, 106 S. Ct. 3229.  A reasonable interpretation of plaintiff's complaint against the City is that, as a result of the City's state-law negligence, plaintiff suffered damages equivalent to what a Fourth Amendment violation would have produced.

In the second place, it is far from clear that the limited consolidation of the two cases would suffice to warrant removal of the earlier case, which was not removable, and as to which removal would plainly be untimely.

I need not dwell upon these issues, however, since, in my view, defendants are estopped from removing either case by seeking affirmative relief in the state court, and, in particular, by stipulating to submit the cases to arbitration on a specified date.

For all of these reasons, the case will be remanded to the Court of Common Pleas of Philadelphia County.

An Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTONIO CURTIS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SCHOOL DISTRICT OF PHILADELPHIA | : | NO. 05-04935-JF |

| | | |
|---|---|---|
| DOLLIE CURTIS p/n/g of | : | |
| ANTONIO CURTIS, a minor | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL MULLAN | : | |

ORDER

          AND NOW, this 1st day of November 2005, IT IS ORDERED:

        1.   Plaintiff's motion to remand is GRANTED.

        2.   These cases (i.e., the consolidated cases captioned above) are hereby REMANDED to the Philadelphia Court of Common Pleas.

                                                             BY THE COURT:

                                                            /s/ John P. Fullam
                                                             John P. Fullam, Sr. J.